## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| KELLY BAFUMI,<br>　　　　　　Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, and LILLY USA, LLC.,<br>　　　　　　Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Kelly Bafumi_____.

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,
as _____ of the estate of _____, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendants**

5.      Plaintiff/Decedent's Representative is/are suing the following Defendant (check all that apply):

_____ Novo Nordisk Inc.

_____ Novo Nordisk A/S

X____ Eli Lilly and Company

X____ Lilly USA, LLC

_____ other(s) (identify): _____

## JURISDICTION AND VENUE

6.  City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Killingworth, Connecticut

7.  State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Connecticut

8.  State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Connecticut

9.  City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Killingworth, Connecticut

10.  Jurisdiction is based on:

X____  diversity of citizenship pursuant to 28 U.S.C. § 1332

_____  other (plead in sufficient detail as required by applicable rules):

_____

_____

11.  The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the District of Connecticut

12.  Venue is proper in the District Court identified in Paragraph 11 because:

X____  a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

\_\_\_\_\_     Ozempic (semaglutide)

\_\_\_\_\_     Wegovy (semaglutide)

\_\_\_\_\_     Rybelsus (oral semaglutide)

\_\_\_\_\_     Victoza (liraglutide)

\_\_\_\_\_     Saxenda (liraglutide)

\_\_\_\_\_     Trulicity (dulaglutide)

\_\_\_\_\_     Mounjaro (tirzepatide)

X\_\_\_\_     Zepbound (tirzepatide)

\_\_\_\_\_     Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Zepbound: February 2024- May 2024

5

## <u>INJURIES AND DAMAGES</u>

16.　　To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

　　　　_____ Gastroparesis

　　　　_____ Other gastro-intestinal injuries (specify) _____

　　　　<u>X</u>____ Ileus

　　　　_____ Ischemic Bowel/Ischemic Colitis

　　　　_____ Intestinal Obstruction

　　　　_____ Necrotizing Pancreatitis

　　　　_____ Gallbladder Injury (specify) _____

　　　　_____ Micronutrient Deficiency

　　　　_____ Wernicke's encephalopathy

　　　　_____ Aspiration

　　　　_____ Death

　　　　_____ Additional/Other(s) (specify): _____

17.　　Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

May 2024
_____

_____

_____

_____

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product, Plaintiff suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

<u>X</u>____ Injury to self

_____ Injury to person represented

_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

7

## **CAUSES OF ACTION**

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

   X     Count I:     Failure to Warn – Negligence

   X     Count II:    Failure to Warn – Strict Liability

   X     Count III:   Breach of Express Warranty/Failure to Conform to Representations

   X     Count IV:   Breach of Implied Warranty

   X     Count V:    Fraudulent Concealment/Fraud by Omission

   X     Count VI:   Fraudulent/Intentional Misrepresentation

   X     Count VII:  Negligent Misrepresentation/Marketing

  X     Count VIII: Strict Product Liability Misrepresentation/Marketing

        Count IX:   Innocent Misrepresentation/Marketing

  X     Count X:    Unfair Trade Practices/Consumer Protection (see below)

        Count XI:   Negligence

        Count XII:  Negligent Undertaking

  X     Count XIII: State Product Liability Act (see below)

        Count XIV: Wrongful Death

        Count XV: Loss of Consortium

        Count XVI: Survival Action

        Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

      a.   Indicate the specific statute (including subsections) under which Plaintiff(s)

         is/are bringing such claims:

         Connecticut Unfair Trade Practices Act, Conn. Gen Stat. § 42-110a, *et seq.*, including but not

         limited to § 42-110b, § 42-110g(a), (d); Conn. Gen. Stat. § 21a-1, *et seq.*

      b.   Identify the factual allegations supporting those claims (by subsection, if

         applicable):

         Defendants misled consumers regarding the safety and risks associated with use of their GLP-1 RA Products

         by overstating benefits and understating risks from using the products. For more particular facts, see Counts I

         I through X and XIII of the Amended Master Complaint (Doc. 481) and the Factual Allegations Section of the

         Amended Master Complaint, paragraphs 29 – 110 and 153 – 603.

_____


***\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.***

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

   a.   Indicate the specific statute (including subsections) under which Plaintiff(s)

        is/are bringing such claims:

        Conn. Gen. Stat. § 52-572l, *et seq.,* including but not limited to § 52-572m(b), § 52-572n(a), (b).

   b.   Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

        failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        See Counts I through X and XIII of the Amended Master Complaint, including Failure to Warn – Negligence

        Failure to Warn – Strict Liability; Breach of Express Warranty / Failure to Conform to Representations;

        Breach of Implied Warranty; Fraudulent Concealment / Fraud of Omission; Fraudulent / Intentional

        Misrepresentation; Negligent Misrepresentation / Marketing; Innocent Misrepresentation/ Marketing;

        and provisions of §§ 52-572m(b), 52-572n(a), (b), as set forth above

   c.   Identify the factual allegations supporting those claims:

        Defendants as both a seller and manufacturer of the GLP-1 Products produced a defective product that

        was inherently unsafe and known to be unsafe to the ordinary consumer, and which Defendants knew could

        have been designed to be safer, and that would cause injury as produced and sold. Defendants also failed

        to provide adequate warnings or information with regard to their product and misled consumers regarding

        the safety and risks associated with use of their GLP-1 Products, by overstating benefits and understating

        risks from using the products. For more particular facts see Counts I through XIII of the Amended Master

        Complaint (Doc. No. 481) and the Factual Allegations section of the Amended Master Complaint, paragraphs 29 – 110 and 153 – 603.

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims
with the requisite specificity will result in the short form complaint being stricken with only one
opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>N/A    </u>. If so, attach such notice.

## **RELIEF**

Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiffs may be entitled.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.


Date: <u>02/26/2026            </u>

By: *<u>/s/ Thomas Roe. Frazer III    </u>*
T. Roe Frazer III (#33296)
FRAZER PLC
30 Burton Hills Blvd, Ste 450
Nashville, TN 37215
(615) 647-6464 (Telephone)
(615) 307-4902 (Fax)
trey@frazer.law

*Attorney for Plaintiff*